171 P.2d 316

**LANGENEGGER v. McNALLY.**

No. 4945.

Supreme Court of New Mexico.

June 27, 1946.

E. E. Young, of Roswell, for appellant.

A. B. Carpenter, of Roswell, for appellee.

BICKLEY, Justice.

This is an action by plaintiff to recover damages to her automobile alleged to have been caused by the negligence of the defendant, resulting in an intersectional collision. Defendant denied that he was negligent and pleaded contributory negligence of the plaintiff.

The decision of the court contained findings of fact to the effect that plaintiff did not exercise the proper degree of care to avoid the collision, that she was negligent in failure to keep a proper lookout for cars crossing the intersection and in failing to reduce her speed so as to allow defendant to clear the intersection before entering it, and in continuing to drive without sufficiently reducing her speed and went into the intersection notwithstanding defendant was in her plain sight and already in the intersection, and in driving her car into defendant's car. The court also found that neither party was exceeding the speed limits of the City of Roswell, and that the defendant was negligent in attempting to cross at such a low rate of speed as that he employed, and that the negligence of each party proximately contributed to the collision.

The court's conclusion of law was that the plaintiff should be denied recovery whereupon the court rendered judgment in favor of defendant, dismissing plaintiff's cause of action.

The appellant urges that the court erred in making certain findings of facts which we have heretofore summarized—on the ground that they are not sustained by substantial evidence. Appellant urges that the physical facts refute the court's finding that plaintiff "ran into defendant's car".

If this finding were to be construed as an assertion that plaintiff ran head on into,

and hit defendant's car broadside, there would be merit to this argument of appellants.

On the other hand, it is arguable that plaintiff ran into defendant's car in a glancing manner, and we think the evidence supports this view. We are not convinced by the argument of appellant that the court erred in this respect.

 The plaintiff testifying, repeatedly said she had the right of way and presumed that the defendant would stop, and appellant here invokes 1941 Comp. § 68-518. In view of the evidence that when defendant entered the intersection plaintiff was about 200 feet therefrom it is doubtful whether the cited section has any application. But assuming that it does, the presumption said to arise from having the right of way is of little value, except in case of entire absence of other evidence.

In Words and Phrases, Permanent Edition, Vol. 37, at page 673, we find the following:

" 'Right of way' merely means a preference to one of two vehicles asserting right of passage at same place and at approximately the same time. Cowan v. Market St. Ry. Co., 8 Cal.App.2d 642, 47 P.2d 752, 754. * * *

"The 'right of way' at street intersections given by city ordinance is a relative right only, and does not justify one who is entitled to the right of way in asserting his rights, when by the exercise of due care he can or should see that to do so is likely to cause an accident, and one so insisting upon the exercise of his right of way, under circumstances which would cause a reasonably prudent person not to do so, is guilty of negligence. Lund v. Western Union Telegraph Co., 192 Wash. 579, 74 P.2d 220, 223."

See also 2 Blashfield's Cyclopedia of Automobile Law and Practice, Perm.Ed., as follows:

§ 1024. "The right (of way) so given is not exclusive, but instead is at all times relative and subject to the fundamental common-law doctrine that he should exercise the right so as to avoid injury to himself or others." ·

§ 1027. "Where two persons are driving on lines that visibly intersect, the general obligation of ordinary care becomes for each a definite duty, and if, as they approach, their contiguity and mutual movements should suggest a probable or even possible collision, neither is entitled to act on the assumption that the other will give way. * * * And a motorist, although in a favored position in approaching an intersection, must exercise reasonable care to avoid a collision after he becomes, or in the exercise of reasonable care may be-

come, aware that an automobile coming from intersecting street is not going to yield the right of way."

■ Similar principles are involved in the mattter of speed. The fact as found by the court that plaintiff was not exceeding the speed limits of the city does not close the inquiry. The maximum speed permissible must yield to the admonition of 1941 Comp. § 68-504 and common sense that passenger automobiles may only be operated at such speed as shall be consistent at all times with safety and the proper use of the roads. We are unable to say that the court's finding that plaintiff was going too fast under the visible circumstances even though not travelling in excess of the maximum speed limit was erroneous.

■ We said in Olguin v. Thygesen, 47 N.M. 377, 143 P.2d 585, 592:

"The circumstances of each case must determine the degree of alertness required of a driver in keeping a lookout for road hazards; and, usually, as here, it is a question for jury."

■ After a careful review of the record, we are unconvinced that the trial court erred in its decision either as to findings and conclusions made, or in refusing those requested by the plaintiff, and so the judgment must be affirmed. It is so ordered.

SADLER, C. J., and BRICE, LUJAN, and HUDSPETH, JJ., concur.