603 P.2d 1103

**Douglas ARAGON and Robert Aragon, Plaintiffs-Appellants,**

**v.**

**Ronald BROWN and Marion Brown, Defendants-Appellees.**

**No. 3965.**

Court of Appeals of New Mexico.

Nov. 1, 1979.

Stephen A. Hubert, Martin, Martin, Lutz & Cresswell, P.A., Las Cruces, for plaintiffs-appellants.

Edward E. Triviz and John L. Campbell, Las Cruces, for defendants-appellees.

OPINION

WALTERS, Judge.

Douglas Aragon, age 17, was bitten by defendants' St. Bernard dog while visiting

at their home. The injury required 320–375 sutures to close the wound. Suit was brought to recover damages of $100,000 for personal injuries to Douglas and for $4000 in medical expenses incurred by his father. The jury returned a verdict for defendants. Plaintiffs appeal on grounds that the jury was improperly instructed; defendants cross-appeal contesting the trial court's denial of their motions for directed verdict, and the court's refusal of their tendered jury instruction regarding unlawful use of liquor by a minor.

The Aragons contend the district court erred by giving instructions on negligence, contributory negligence, and trespass. They argue that the only proper instruction was UJI No. 5.3, which states:

UJI Civ. 5.3 Liability of owner or keeper of dog.

In order for the owner of a dog to be liable to a person injured, the burden of proof is on the plaintiff to establish that the dog was vicious or had a natural inclination or tendency to be dangerous and that the owner had knowledge thereof.

In determining the character of the dog, you may consider evidence of the general reputation of the dog, as well as evidence of any prior acts and conduct of the dog.

In determining the knowledge of the owner, you may consider evidence of the manner in which the owner maintained the dog, his knowledge of prior acts and conduct of the dog, and any previous warnings issued to others by the owner.

("The owner of such a dog is not liable to the person injured if the injured person has knowledge of the character of the dog and wantonly excites it or voluntarily and unnecessarily puts himself in the way of the dog.")

■ N.M.R.Civ.P. 51D, N.M.S.A. 1978 (Special Supp.1979), formerly N.M.R.Civ.P. 51(1)(c), N.M.S.A. 1978, makes use of UJI 5.3 mandatory. The instruction states the entire law of liability and relief from liability in connection with dog-bite injuries, instructing the jury that it must first find the dog to be dangerous and that the owner knew it. The instruction allows the jury to determine the nature of the dog, good or bad, from its general reputation and from evidence of other acts or conduct. Means of determining the knowledge of the owner are set out, and any defenses available to the owner are provided in the last paragraph. UJI 5.3 encompasses all the necessary elements of determining liability or non-liability in dog-bite cases. Thus, it was error for the district court to give jury instructions on the issues of negligence and contributory negligence. False issues were injected, and the erroneous instructions could only have confused the jury. *State ex rel. State Highway Comm'n v. Atchison, T. & S. F. Ry. Co.*, 76 N.M. 587, 417 P.2d 68 (1966).

■ The court's instruction on the issue of trespass was also erroneous. There was insufficient evidence to establish a trespass situation. Douglas had been invited to the Brown premises, and his entry into the back yard from the Brown residence would not constitute a trespass in absence of any express limitation of his visit to a specific area of the Brown residence or grounds. This instruction raised an additional false issue. *Kight v. Butscher*, 90 N.M. 386, 564 P.2d 189 (Ct.App.1977).

■ Appellee asked for an instruction on the unlawfulness of giving beer to a minor. There was no evidence that Douglas's possession or consumption of beer at the Brown residence, in violation of § 60–10–16, N.M.S.A. 1978, was in any way the proximate cause of his injuries. Moreover, an instruction on violation of the liquor statute could only have gone to the issue of contributory negligence and we have already ruled that no contributory negligence instructions shall supplement UJI 5.3 in dog-bite cases. Appellee's argument on the Court's refusal to so instruct the jury is without merit.

Because this case is reversed for a new trial, we address plaintiff's objection to the limitation on recoverable damages declared by the trial court.

The district court ruled that if plaintiff prevailed, defendants would be entitled to a credit of $1000 already paid by their insurance company under the medical payments provision of their policy, against any damages awarded. "Compensation received from a collateral source does not operate to reduce damages recoverable from a wrongdoer." *Trujillo v. Chavez*, 76 N.M. 703, 708, 417 P.2d 893, 897 (1966). This rule has been applied where an injured plaintiff received reimbursement from her own insurer for medical expenses, *Selgado v. Commercial Warehouse Company*, 86 N.M. 633, 526 P.2d 430 (Ct.App.1974); where a plaintiff received sick leave pay from her employer, *Trujillo, supra. Martinez v. Knowlton*, 88 N.M. 42, 536 P.2d 1098 (Ct.App.1975); where the injured party received public assistance, *Mobley v. Garcia*, 54 N.M. 175, 217 P.2d 256 (1950); and where an injured passenger received compensation under the medical payments provision of her driver's (co-plaintiff's) insurance policy, *Bailey v. Jeffries-Eaves, Inc.*, 76 N.M. 278, 414 P.2d 503 (1966). But whether the collateral source rule applies to payments made to a plaintiff under the medical payments provisions of defendant's insurance policy is a question of first impression in this jurisdiction.

It is the well-reasoned and majority rule that where the benefits derive from the defendant himself or a source identified with him, he is entitled to credit for it, since there is no collateral source but only funds provided by the defendant. *E. g., Overturff v. Hart*, 531 P.2d 1035 (Okl.1975); *Yarrington v. Thornburg*, 58 Del. 152, 205 A.2d 1 (1964); *Feeley v. United States*, 337 F.2d 924 (3d Cir. 1964); Restatement of Torts, 2d § 902(A); Dobbs, *Law of Remedies* (1973), 185, 583–584. The trial court was correct, and if plaintiffs recover when this case is retried, any damages awarded shall be reduced by insurance payments already received from defendant's insurer.

This case is reversed and remanded for a new trial consistent with this opinion.

IT IS SO ORDERED.

HENDLEY and ANDREWS, JJ., concur.