690 P.2d 454
**Arthur H. GREISER,**
**Plaintiff-Appellant,**

**v.**

**Dorothy BROWN, Defendant-Appellee.**

**No. 7645.**

Court of Appeals of New Mexico.

Oct. 9, 1984.

Andres S. Vargas, Taos, Sarah Michael Singleton, Singleton Law Offices, Santa Fe, for plaintiff-appellant.

Donald D. Montoya, Montoya, Murphy, Kauffman & Garcia, Santa Fe, for defendant-appellee.

## OPINION

BIVINS, Judge.

Plaintiff sued defendant to recover damages for personal injuries resulting from a fall while plaintiff was repairing the roof on defendant's building. Plaintiff appeals from a summary judgment in defendant's favor claiming the existence of genuine issues of material fact. We agree and reverse.

In determining whether genuine issues of fact exist, an appellate court gives the party opposing summary judgment the benefit of all reasonable doubts. *Goodman v. Brock*, 83 N.M. 789, 498 P.2d 676 (1972). We therefore examine the facts in that light.

Plaintiff worked as a handyman for defendant and her now-deceased husband from 1975 to 1977. During that time he helped defendant and her husband with repairs to a large storage building which they referred to as the "museum". These repairs included putting on a roof. At the direction of Mr. Brown, plaintiff started cutting off vigas which extended out from the north side of the building. After cutting four or five vigas, plaintiff told Mr. Brown that "it didn't look very good", so Mr. Brown told him not to cut any more and to "stick" the ones he had cut back on. Mr. Brown said, "we'll fix them later at some other date." Plaintiff reattached the cut vigas with nails and a rebar. Defendant helped with the roofing and was present when the vigas were cut.

Approximately five years later in 1980 defendant contacted plaintiff to tell him the roof was leaking. Plaintiff offered to fix the roof if defendant would purchase the

materials. According to plaintiff he was to receive a small tract of land as compensation for repairing the roof. Plaintiff had been working on the roof for two hours when the accident occurred. Plaintiff describes what happened: "I was getting ready to start a roll of paper on the northeast corner. * * * [I] [l]eaned over to start that roll of paper, drive a nail in the side, and stepped on the viga to get my, a little bracing while I drove a nail and down I went." Plaintiff placed either his foot or knee on one of the vigas that had previously been cut and reattached and it gave way.

After the four or five vigas had been cut and reattached, Mr. Brown had someone else attach boards over the vigas to divert rain away from the wall. Although the vigas extended beyond the boards, the boards prevented anyone on the roof from seeing the seams where the vigas had been cut. Defendant knew that the cuts could not be seen from the roof. Defendant did not warn plaintiff about this potential danger, and plaintiff said he had forgotten about the vigas. He had not been on the roof during the five years since the vigas were cut and reattached and had not participated in putting the boards on the vigas.

Although defendant challenges plaintiff's status as an invitee, contending that he volunteered to repair her roof without compensation, defendant concedes for the purpose of appellate review plaintiff's status is immaterial. She argues that no material issue of fact exists regardless of whether plaintiff acted as an invitee or a licensee. Thus, status for the purpose of our review is not an issue. Therefore, we limit our discussion, as have the parties, to the question of whether a fact issue exists as to a breach of duty by the owner to her invitee.

Both sides rely on NMSA 1978, UJI Civ. 13.10 (Repl.Pamp.1980) which provides:

Duty to business visitor; known or discoverable danger.

The [owner] [occupant] owes a duty to a business visitor, with respect to known or obvious dangers, if, and only if:

(1) The [owner] [occupant] knows or has reason to know of a dangerous condition on his premises involving an unrea-sonable risk of danger to a business visitor; and

(2) The [owner] [occupant] should reasonably anticipate that the business visitor will not discover or realize the danger [or the] [owner] [occupant] should reasonably anticipate that harm will result to the business visitor, even though the business visitor knows or has reason to know of the danger.

If both of these conditions are found to exist, then the [owner] [occupant] had a duty to take reasonable measures to protect the business visitor from harm.

The first condition requires that there be a dangerous condition on the premises involving an "unreasonable risk of danger". Defendant argues that the reattached vigas did not involve an unreasonable risk of danger to plaintiff. She relies on the following language from *Proctor v. Waxler*, 84 N.M. 361, 503 P.2d 644 (1972), in which the supreme court approved for "slip and fall" cases involving ice and snow the following quote from *Dawson v. Payless For Drugs*, 248 Or. 334, 433 P.2d 1019 (1967), (quoting 2 F. Harper and F. James, *The Law of Torts* § 27.13 at 1489–90 (1956)):

"People can hurt themselves on almost any condition of the premises. That is certainly true of an ordinary flight of stairs. But it takes more than this to make a condition *unreasonably* dangerous. If people who are likely to encounter a condition may be expected to take perfectly good care of themselves without further precautions, then the condition is not unreasonably dangerous because the likelihood of harm is slight."

84 N.M. at 364, 503 P.2d 644 (emphasis in original).

We are unable to say as a matter of law that someone encountering the reattached vigas under the circumstance here would be expected to take perfectly good care of themselves without further precautions. While that portion of the vigas which extended beyond the boards could be seen from the roof, the cuts were obscured by the boards. Given the lapse of time since the vigas were reattached and the fact that

the danger was not visible from above, a fact question exists as to whether the condition involved an unreasonable risk of danger.

The second condition of UJI Civ. 13.10 requires a finding that the owner should reasonably anticipate that the business visitor will not discover or realize the danger. Defendant makes two arguments that this condition cannot be found to exist as a matter of law.

■ First, defendant contends that because plaintiff cut and reattached the vigas, his knowledge of the danger was at least equal to or probably greater than that of the defendant. This argument might be valid had plaintiff remembered about the cut vigas, or their condition at the time of the accident had not been obscured. But here plaintiff claims that he forgot. An injured party's forgetfulness has been held a question of fact in cases dealing with contributory negligence. *See Williams v. City of Hobbs*, 56 N.M. 733, 249 P.2d 765 (1952); *Johnson v. City of Santa Fe*, 35 N.M. 77, 290 P. 793 (1930). In *Johnson* defendant argued that actual knowledge by the injured party was equivalent to or obviated the need to warn of a dangerous condition. In that case the plaintiff, aware of excavation going on, fell into an open trench while on her way to church. The supreme court held that whether plaintiff's preoccupation with saying her prayers prevented her from perceiving the dangerous condition presented a fact question as to her own negligence.

Whether plaintiff's knowledge of the danger was equal to or greater than defendant's in the present case is a question of fact. While both knew of the cutting and reattaching of the vigas back in 1974 or 1975, it was not unreasonable that plaintiff may have forgotten about it during the five or more years that elapsed until his fall. Further, the cuts had been partially obscured by the planking laid over the vigas. We also note that a jury could believe that plaintiff understood that Mr. Brown

would fix the cut vigas more permanently at a later date. Finally, defendant occupied the premises and would have more opportunity and reason to be aware of the danger than plaintiff who had not been on the roof for five years. Thus, absent undisputed evidence of a present awareness by plaintiff of the danger, we cannot hold as a matter of law that defendant did not have a duty to warn or take other reasonable precautions to protect the plaintiff from harm.

Our holding that plaintiff's lapse of memory or failure to check the vigas does not as a matter of law relieve defendant of her duty to warn or take precautions to protect him from harm does not suggest that plaintiff himself was free from fault.

■ Second, defendant claims there was no way she could reasonably anticipate that plaintiff would venture out on the vigas. The description given by plaintiff in his deposition, photographs made a part of the record together with counsel's explanation at oral argument reflect that the roof on the north side of the building where the vigas in question were located dropped an inch-and-a-half to two inches and that the roofing paper extended onto and covered the boards over the vigas. The parapet walls were on the east and west sides of the building. Thus, if plaintiff was nailing the paper to the boards over the vigas, it was reasonable that his foot or knee would come into contact with the vigas. If this description is not entirely accurate, still it would be within the range of foreseeability that he might have to put his weight on a viga while laying the paper near the edge of the roof.

The range of foreseeability is discussed in the case of *Tapia v. Panhandle Steel Erectors Co.*, 78 N.M. 86, 428 P.2d 625 (1967) which is instructive on this point. There the supreme court held that where a two-by-four placed by a defendant as a spacer between concrete beams pulled loose when a workman took hold of it as he

was moving up a ladder, the workman's fall and resulting injury were not beyond the range of foreseeability.

For the reasons stated we are unable to hold as a matter of law that defendant owed no duty or that she did not breach that duty. Whether defendant performed her duty presents a question to be determined by the fact finder.

Summary judgment for defendant is reversed and the case is remanded for trial on the merits. Appellate costs shall be paid by defendant.

IT IS SO ORDERED.

DONNELLY, C.J., and WOOD, J., concur.