819 P.2d 1346

**Arturo DIAZ, Plaintiff–Appellant,**

**v.**

**Harold McMAHON and Helen McMahon,
his wife, d/b/a Mickey's Cash & Carry
Dairy, Defendants–Appellees.**

No. 11522.

Court of Appeals of New Mexico.

Sept. 12, 1991.

Avelino V. Gutierrez, Gutierrez Law Offices, Albuquerque, for plaintiff-appellant.

William C. Madison, Susan Andrews, Montgomery & Andrews, P.A., Albuquerque, for defendants-appellees.

## OPINION

DONNELLY, Judge.

Plaintiff Arturo Diaz (employee) appeals from the order of the trial court granting defendants' motion for summary judgment on both counts of employee's common-law negligence and strict liability claims against his employers (defendants).[1] We discuss whether genuine issues of material fact exist concerning employee's claim that defendants breached their duty to provide a reasonably safe place to work with respect to the two accidents suffered by employee. We hold that disputed fact issues do exist and therefore reverse. We also take this opportunity to clarify the duty of an employer to its employees.

FACTS

Employee was employed at defendants' dairy. His duties included driving the cows into the milking barn, cleaning the cows and milking machines, attaching the milking machines, returning the cows to a holding area, and checking the quality of the milk. His normal work shift began at 2:30 a.m. and ended about 7:00 a.m.

Employee's complaint sought recovery of damages for injuries received by him on

two separate occasions due to the alleged negligence of defendants. He alleged in his first count that in October 1986 he was kicked by a cow in his shoulder and injured while attempting to attach a milking machine.

Following convalescence from his initial injury, employee returned to work; however, in February 1987 he was again injured when he was attempting to prevent a cow from getting away and stepped into an uncovered drain in a pen and injured his foot. Employee had been aware of the location of the drain since he began working for defendants in 1980. However, he testified by deposition that, at the time he fell into the drain, it was dark and it could not be seen.

In September 1988 employee sued defendants, alleging that they were negligent in failing to provide him a reasonably safe work place and proper tools and equipment, and that as a result of such negligence he had been injured. Defendants filed a motion for summary judgment as to both counts of employee's complaint. The motion for summary judgment was supported by the deposition of Danny McMahon, defendants' son, who also served as the manager of Mickey's Cash and Carry Dairy owned by defendants. Employee filed a response opposing the motion relying upon his own deposition. Following a hearing, the trial court granted the motion for summary judgment dismissing each count of employee's complaint with prejudice.

DISCUSSION

■ Resolution of employee's claims against defendants involves ascertaining the nature and the scope of defendants' duty to employee. Whether a duty exists is an issue of law to be resolved by the court. *Schear v. Board of County Comm'rs of County of Bernalillo*, 101 N.M. 671, 687 P.2d 728 (1984); *Shea v. H.S. Pickrell Co.*, 106 N.M. 683, 748 P.2d 980 (Ct.App.1987).

---

1. Defendants were not covered by workers' compensation and employee sought recovery

against defendants predicated upon common-law negligence and strict liability theories.

New Mexico case law holds that an employer has a duty to provide its employees with a reasonably safe work place. *Padilla v. Winsor*, 67 N.M. 267, 354 P.2d 740 (1960); *see also Koenig v. Perez*, 104 N.M. 664, 726 P.2d 341 (1986); *Gutierrez v. Kent Nowlin Constr. Co.*, 99 N.M. 394, 658 P.2d 1121 (Ct.App.1981), *rev'd on other grounds*, 99 N.M. 389, 658 P.2d 1116 (1982). Our case law also recognizes that an employer has a duty to furnish employees reasonably safe and suitable tools and equipment sufficient to do the work contemplated. *Id.* While the parties seem to agree with these general principles, they have different views as to how they should be applied to the facts of this case.

The duty of an employer to an employee for injuries resulting from hazards which are incident to the nature of the work performed is discussed in *Restatement (Second) of Agency* Section 499 (1958). The latter section states: "A master who has performed his duties of care is not liable to a servant harmed by a risk incident to the nature of the work." The commentaries to Section 499 indicate that a master is not liable to an injured employee for every risk incident to an individual's employment where the employer has taken steps to make the activity as safe as the nature of the work reasonably permits and has informed the employee or the employee has notice of such hazards. *See also Padilla v. Winsor* (risks incident to employment are generally classified as "ordinary" and "extraordinary"; the servant assumes all the ordinary risks of his employment). Subsequent to its decision in *Padilla*, our supreme court abolished the defense of assumption of the risk, holding that such a defense is generally subsumed into the defense of contributory negligence. *Wil-*

*liamson v. Smith*, 83 N.M. 336, 491 P.2d 1147 (1971).[2] We believe *Restatement, supra*, Section 499 embraces this distinction and correctly states the law.

We now consider each count of employee's complaint in light of these principles and the facts before us.

### I. *Issue as to Whether Defendants Furnished Proper Restraints*

Employee's first issue involves the question of whether an employer may be held liable to a dairy worker who is injured from a hazard inherent in the nature of the work performed. Employee stated in his deposition that the cow that injured him was a Holstein yearling that had recently calved and had never been milked before, and that cows of this type are commonly referred to as "first calf heifers." Both employee and his supervisor, Danny McMahon, testified that "first calf heifers" which have not been previously milked are inclined to be restless and difficult to handle and have a greater propensity to kick than other milk cows.

Employee contends that defendants failed to provide a safe work place in that they did not provide him or other dairy workers with a fork or other adequate means of restraint used in the dairy industry to keep "first calf heifers" and other cows from injuring workers during milking. Employee argues that because "first calf heifers" are known to be restless and are unused to being milked, defendants had a duty to provide him with proper equipment that would have prevented the animal from kicking him.

Thus, in the case before us, the evidence indicates that defendants were aware of the propensity of "first calf heifers" to

---

**2.** *Williamson* does not answer the question of whether assumption of the risk is still viable as it relates to duty and breach of duty. *Williamson* makes this distinction at 83 N.M. at 340, 491 P.2d at 1151. That case indicates that assumption of the risk, in its primary sense, is still the law. It was only assumption of the risk, in the secondary sense, as a defense separate and

apart from contributory negligence that was abolished. This distinction has been recognized in at least two later cases by this court. *See Thompson v. Ruidoso–Sunland, Inc.*, 105 N.M. 487, 734 P.2d 267 (Ct.App.1987); *Moreno v. Marrs*, 102 N.M. 373, 695 P.2d 1322 (Ct.App. 1984).

kick. The record also indicates that Danny McMahon admitted that he had been kicked by cows on other occasions and that such injuries could inflict serious harm. This testimony was sufficient to give rise to a disputed issue of fact as to whether defendants, knowing the propensity of certain types of cows to kick, furnished proper equipment to protect employees from such hazards.

Defendants relied upon deposition testimony indicating that they had provided ropes to be used to restrain skittish cows during milking. Employee, however, testified that defendants had failed to provide proper restraints, and asserted that the practice in other dairies was to provide fork-shaped slings in order to restrain cows from kicking. McMahon's testimony fails to dispel the factual issue of whether the ropes supplied by defendants constituted an adequate means of protecting milkers from injury. Defendants contended that the slings referred to by employee were cumbersome, that they had made ropes available, and that such ropes were sufficient to restrain cows from kicking.

■ In reviewing an appeal from an order granting summary judgment, this court does not resolve disputed issues of fact but examines the record to determine whether disputed material factual issues exist. *Pharmaseal Laboratories, Inc. v. Goffe,* 90 N.M. 753, 568 P.2d 589 (1977). A review of the testimony of the matters submitted incident to the motion for summary judgment indicates that material factual issues existed as to whether the ropes alleged to have been provided by defendants constituted an adequate alternative means of restraint sufficient to protect employee from injury from cows having a propensity to kick. *Cf. Reynolds v. Swigert,* 102 N.M. 504, 697 P.2d 504 (Ct.App.1984) (summary judgment is an extreme remedy; it does not properly lie if any issues of material fact exist). Viewing the facts of this case, we cannot agree that defendants were without any duty to employee to make the area where their employees were required

to work and the means furnished for the performance of such work reasonably safe for their employees. We conclude that material disputed factual issues exist concerning whether defendants furnished adequate means of restraint to protect employee and other workers from common hazards incident to such work and that the trial court erred in granting summary judgment on employee's first count.

■ Defendants, drawing an analogy to the law applicable to dog-bite cases, argue that, as a prerequisite to establishing a claim against them for injuries allegedly received from one of the dairy cows, employee was required to show that defendants were aware of the propensity of the particular cow to kick. *Cf. Aragon v. Brown,* 93 N.M. 646, 603 P.2d 1103 (Ct. App.1979) (discussing the uniform jury instruction requiring proof that dog was vicious or had tendency to be dangerous, and owner had knowledge thereof); SCRA 1986, 13–506 (jury instruction concerning the liability of a dog owner for personal injuries caused to others by the dog).

Although we agree with defendants that the foreseeability requirement of negligence actions necessitates some showing that defendants knew or should have known that harm could result to their employee, we reject defendants' argument that under the facts herein they were entitled to summary judgment because the individual cow in question had no known propensity to kick, or that defendants were not aware of any special handling required for the specific animal involved. The testimony of Danny McMahon was sufficient to raise a material issue of fact as to whether defendants knew or should have known that reasonable efforts were required to be undertaken to protect their workers from known hazards incident to their employment and whether defendants adequately fulfilled this duty. *Koenig v. Perez* (if evidence appears in the record so as to create a reasonable doubt as to the existence of a genuine issue, summary judgment is not proper). We note, by analogy,

the duty of one who possesses or harbors a domestic animal. Nevertheless, we rely on the several duties an employer owed an employee. *See Padilla v. Winsor; Gutierrez v. Kent Nowlin Constr. Co.; see also Restatement (Second) of Torts* § 518 (1977) ("[e]xcept for animal trespass, one who possesses or harbors a domestic animal that he does not know or have reason to know to be abnormally dangerous, is subject to liability for harm done by the animal * * * if he intentionally causes the animal to do the harm" or fails to exercise reasonable care to prevent the harm).

Employee, relying on *Vigue v. Noyes,* 113 Ariz. 237, 550 P.2d 234 (1976) (en banc), also argues that defendants should be held strictly liable for injuries caused by dairy cattle or other domestic animals having dangerous propensities abnormal to its class. The court in *Vigue* held that, subject to certain exceptions,

[t]he possessor of a domestic animal other than a dog may be subject to liability under either a strict liability or negligence theory for harm caused by it to others. Strict liability is imposed where the person had reason to know prior to the damage causing event that the animal had dangerous propensities abnormal to its class. *Hale v. O'Neill,* 492 P.2d 101 (Alaska 1971); *Flynn v. Lindenfield,* 6 Ariz.App. 459, 433 P.2d 639 (1967); Restatement of Torts § 509. *Cf. Arizona Livestock Company v. Washington,* 52 Ariz. 591, 84 P.2d 588 (1938).

*Id.* 113 Ariz. at 239, 550 P.2d at 236 (footnote omitted). We do not address this issue because examination of employee's complaint, and the argument and matters submitted below, fails to indicate that this theory was pled or properly preserved before the trial court. *See Neece v. Kantu,* 84 N.M. 700, 507 P.2d 447 (Ct.App.1973); SCRA 1986, 12–216(A).

## II. *Issue as to the Uncovered Drain*

■ Employee argues that the trial court erred in dismissing the second count of his complaint, which sought damages resulting in his stepping in an uncovered drain in a pen, because factual issues existed as to whether the drain constituted a safety hazard to employee and other workers on the premises and whether the area was adequately illuminated so that it could be observed at the time of employee's injury.

We agree that summary judgment was also inappropriate as to this count. Defendants do not dispute that they were obligated to provide employee with a safe work place; instead, they argue that the drain was an open and obvious condition, that employee had prior knowledge of its existence and location, and that they had no duty to warn employee with respect to a known hazard.

In *Davis v. Gabriel,* 111 N.M. 289, 292, 804 P.2d 1108, 1111 (Ct.App.1990), this court observed:

[D]espite the obviousness of the danger, a jury could find that a possessor of land breached a duty to invitees if (1) the possessor could have reasonably foreseen that invitees exercising due care would be injured by the condition of the land and (2) that risk made it unreasonable for the possessor not to take certain precautions.

While we recognize differences between the duty owed by an employer to his employee and the duty owed by a possessor of land to a business invitee (the employee may, in certain circumstances, possess equal or even superior knowledge with respect to hazards, *see* fact pattern in *Nix v. Times Enterprises, Inc.,* 83 N.M. 796, 498 P.2d 683 (Ct.App.1972)), nevertheless, certain principles relating to landowners' liability provide guidance.

■ Although an employer is entitled to assume that employees will exercise reasonable care for their own safety and an employer has no duty to warn of obvious dangers, the fact that the hazard is known or obvious is not solely conclusive. *See Davis v. Gabriel* (possessor of land is not relieved of duty of reasonable care owed to

employee or invitee where it is foreseeable that individual's attention may be distracted or may forget what was previously known); *see also Arvas v. Feather's Jewelers,* 92 N.M. 89, 582 P.2d 1302 (Ct.App. 1978) (employer's failure to protect worker from potential fall violated duty to provide safe place to work where, although employee knew ceiling was dangerous, he was required to work in the area).

Employee testified that he was unable to avoid falling in the uncovered drain because he was hurrying to prevent a cow from doubling back and the pen was dark and inadequately lighted. The parties dispute whether defendants provided adequate lighting. Employee testified in his deposition that the accident occurred at approximately 3:30 a.m., that the location of the drain was obscured by water and manure, and that there were no lights in the pen and visibility was poor. In his deposition, Danny McMahon testified that the corral in question was lit by a single, large light. The disputed issue relating to the sufficiency of the lighting and its condition at the time in question present material questions of fact concerning whether defendants breached their duty to provide reasonably safe working conditions.

Defendants also contend that, since employee was aware of the location of the drain, his negligence was the sole cause of his injury. The fact that employee was aware of the location and condition of the drain constitutes a basis for raising the issue of whether he was responsible for all or a portion of his injuries under the principle of comparative negligence. *See Davis v. Gabriel.* However, under the record before us, we cannot say as a matter of law that employee's acts or omissions constituted the sole proximate cause of his injury or that defendants were without any duty to provide a safe working area under the circumstances. *See Wood v. Angel Fire Ski Corp.,* 108 N.M. 453, 458, 774 P.2d 447, 452 (Ct.App.1989) ("Where reasonable minds may differ on the issue of proximate cause, summary judgment is not proper.").

*Cf. Greiser v. Brown,* 102 N.M. 11, 690 P.2d 454 (Ct.App.1984) (material factual issue existed rendering summary judgment improper despite fact that plaintiff had been aware of hidden dangerous condition five years prior to accident).

CONCLUSION

Because we determine that genuine issues of material fact remain, summary judgment was improper. For the foregoing reasons, the order of the trial court granting defendants summary judgment on each count is reversed and the cause is remanded for further proceedings consistent with this opinion.

IT IS SO ORDERED.

BIVINS and MINZNER, JJ., concur.