This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-41161

**PAMELA CRUMPLER,**

Plaintiff-Appellant,

v.

**LEA REGIONAL HOSPITAL, LLC,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Mark T. Sanchez, District Court Judge**

Law Office of Ross Bettis
Ross R. Bettis
Hobbs, NM

for Appellant

Madison, Mroz, Steinman, Kenny & Olexy, P.A.
Jacqueline A. Olexy
Jari L. Rubio
Albuquerque, NM

for Appellee

### MEMORANDUM OPINION

**MEDINA, Judge.**

**{1}** Plaintiff appeals from the district court's order granting summary judgment in favor of Defendant. We issued a notice of proposed disposition, in which we proposed to summarily affirm. Plaintiff filed a memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

**{2}** Plaintiff's memorandum in opposition reiterates the facts stated in the docketing statement and continues to argue genuine issues of material fact exist. [MIO 6] However, as stated in the notice of proposed summary disposition, Plaintiff failed to place any material facts in dispute, and as such, it was for the district court to determine whether Defendant was entitled to judgment as a matter of law. [CN 5] Plaintiff responds by arguing that "conflicting inferences can be drawn from the same basic facts and the existence of conflicting inferences is evidence of a genuine issue of material fact." [MIO 6] We understand Plaintiff to argue that, based on the undisputed facts regarding the length of time Defendant's doors had been in operation without any other reported injuries, conflicting inferences could be drawn as to whether the doors created a dangerous condition that gave Defendant a duty to warn. [MIO 3-4] Plaintiff's argument in this regard is unpersuasive, given that whether a party owes a duty to another generally constitutes a question of law to be determined by the courts, using "legal precedent, statutes, and other principles comprising the law." *Gillin v. Carrows Rests., Inc.*, 1994-NMCA-089, ¶ 7, 118 N.M. 120, 879 P.2d 121; *see also Solon v. WEK Drilling Co.*, 1992-NMSC-023, ¶ 17, 113 N.M. 566, 829 P.2d 645 ("It is thoroughly settled in New Mexico . . . that whether the defendant owes a duty to the plaintiff is a question of law."). Plaintiff has not, however, provided any citations to authority to support her assertion that Defendant had a duty to warn under these circumstances. *See Curry v. Great Nw. Ins. Co.*, 2014-NMCA-031, ¶ 28, 320 P.3d 482 ("Where a party cites no authority to support an argument, we may assume no such authority exists.").

**{3}** Plaintiff has also failed to respond to this Court's proposed conclusion that Defendant was entitled to judgment as a matter of law. [CN 5, 7] When a case is decided on the summary calendar, an issue is deemed abandoned when a party fails to respond to the proposed disposition of that issue. *See State v. Johnson*, 1988-NMCA-029, ¶ 8, 107 N.M. 356, 758 P.2d 306.

**{4}** Finally, we reject Plaintiff's continued reliance on *Greiser v. Brown*, 1984-NMCA-101, 102 N.M. 11, 690 P.2d 454, in asserting that her own forgetfulness regarding the operation of the doors was a question of fact for the jury. [MIO 5] As explained in the notice of proposed summary disposition [CN 5-6], Plaintiff's reliance on *Greiser* is unpersuasive, and further, Plaintiff has not responded to our proposed analysis of *Greiser* with any persuasive facts, law, or argument. *See generally Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). Accordingly, we adhere to our initial assessment of this matter, and reject Plaintiff's assertion of error.

**{5}** For the reasons stated in our notice of proposed disposition and herein, we affirm.

**{6}     IT IS SO ORDERED.**

**JACQUELINE R. MEDINA, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Chief Judge**

**SHAMMARA H. HENDERSON, Judge**