804 P.2d 1108

**Roger L. DAVIS, Plaintiff–Appellant,**

v.

**Elizabeth GABRIEL,**
**Defendant–Appellee.**

No. 10683.

Court of Appeals of New Mexico.

Dec. 11, 1990.

James A. Burke, Santa Fe, for plaintiff-appellant.

Briggs F. Cheney, Butt, Thornton & Baehr, P.C., Albuquerque, for defendant-appellee.

## OPINION

HARTZ, Judge.

Roger Davis sued his former attorney, Elizabeth Gabriel, alleging that her legal malpractice caused him not to pursue a meritorious personal injury claim before the expiration of the statute-of-limitations period. The district court granted Gabriel a directed verdict on the ground that Davis's underlying personal injury claim was without merit. We reverse. After noting that the district court misremembered the trial testimony, we examine the duty of a possessor of land with respect to open and obvious dangers. We also consider Gabriel's contention that the directed verdict should be upheld on a ground not relied upon by the district court.

Davis was injured when he fell in the hallway outside his office at Los Alamos National Laboratories. He slipped on debris left by a contractor that was remodeling the building. If Davis did not have a meritorious claim against the contractor, his malpractice claim would fall. *See George v. Caton,* 93 N.M. 370, 378, 600 P.2d 822, 830 (Ct.App.1979). In directing a verdict for Gabriel, the district court said:

> [T]he construction project had been in process for a sufficient period of time for the plaintiff to be aware of it. Debris and debris barriers in the hallway immediately opposite his office door were apparent. On the day of the accident he twice saw the debris. First, going out of his office. Then, he says, he stepped over it. Second, returning to his office, when he stated that he stepped into it. Plaintiff testified that by walking near the wall he could have avoided the debris, but he chose not to do so; rather, he walked into the debris, assumed a risk of what might have been lying there, and as a result caused his own fall.

■ On appeal from a judgment entered pursuant to a directed verdict, we resolve all conflicts in the evidence in favor of the losing party. *See Melnick v. State Farm Mut. Auto. Ins. Co.,* 106 N.M. 726, 749 P.2d 1105 (1988), *cert. denied,* 488 U.S. 822, 109 S.Ct. 67, 102 L.Ed.2d 44 (1988). A directed verdict is proper only when the jury could not reasonably reach any other conclusion from the evidence presented. *See State Farm Fire & Casualty Co. v. Price,* 101 N.M. 438, 684 P.2d 524 (Ct.App. 1984).

The district court's recollection of Davis's testimony was incorrect. Davis testified as follows:

Q. (By Gabriel's attorney): It would have been possible, would it not, Mr. Davis, on that day you came in the north entrance and came around this corner, saw this debris—in fact you tried to maneuver around it, step over it—could have gone a little further around and gone to your office. Could you?

A. Not without walking through the debris.

Q. The debris was everywhere?

A. Yes sir, it was all over the hall.

Even if there had been contrary evidence concerning the availability of a clear path to Davis's office (although none has been brought to our attention), the district court could not disregard the quoted testimony in rendering its directed verdict. Viewing the evidence in the light most favorable to Davis, the district court could not permissibly conclude that Davis could have avoided the debris by walking near the wall but "chose not to do so."

Apparently recognizing that the district court erred in its recitation of Davis's testimony, Gabriel contends on appeal that the directed verdict should still be affirmed because the contractor could not be liable if Davis perceived the debris and appreciated the hazard. Davis does not challenge the factual premise of that proposition. He does, however, correctly contend that the proposition is legally unsound in the context of this case.

■ We begin by considering the contractor's duty to persons such as Davis. That duty was the same as if the work had been performed by Los Alamos National Laboratories itself. *Restatement (Second) of Torts* Section 384 (1965) ("*Restatement*"), approved by our supreme court in

*Tipton v. Texaco, Inc.*, 103 N.M. 689, 695–96, 712 P.2d 1351, 1357–58 (1985), states:

> One who on behalf of the possessor of land erects a structure or creates any other condition on the land is subject to the same liability, and enjoys the same freedom from liability, as though he were the possessor of the land, for physical harm caused to others upon and outside of the land by the dangerous character of the structure or other condition while the work is in his charge.

■ The duty of the possessor of land to invitees appears in *Restatement* Sections 343 and 343A, which our supreme court approved in *Proctor v. Waxler*, 84 N.M. 361, 503 P.2d 644 (1972). *Restatement* Section 343 reads:

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
>
> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
>
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
>
> (c) fails to exercise reasonable care to protect them against the danger.

*Restatement* Section 343A(1) states:

> A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness.

*Accord* SCRA 1986, 13–1310 (uniform jury instruction on duty to business visitors). It is undisputed that Davis was an invitee because he was a business visitor. *See Restatement* § 332; *J.A. Robinson Sons, Inc. v. Ellis*, 412 S.W.2d 728 (Tex.Civ.App. 1967); SCRA 1986, 13–1303 (uniform jury instruction defining "business visitor").

Of particular pertinence to this case is the recognition in Section 343A that a possessor of land may have a duty to protect invitees against obvious dangers. To be sure, the possessor is entitled to assume that invitees will exercise reasonable care and has no duty to take steps that are necessary only to protect invitees who are negligent. *See Restatement* § 343A comment e; *Ward v. K Mart Corp.*, 136 Ill.2d 132, 143 Ill.Dec. 288, 554 N.E.2d 223 (1990). *Cf. Arenivas v. Continental Oil Co.*, 102 N.M. 106, 692 P.2d 31 (Ct.App.1983) (no duty to warn of obvious danger). Nevertheless, one who exercises reasonable care may still be injured by an obvious danger. The invitee may be distracted, *Ward v. K Mart Corp.*, or may proceed in the face of an obvious danger because of the demands of employment. *Compare Jakubiec v. Cities Serv. Co.*, 844 F.2d 470 (7th Cir.1988) *and Konicek v. Loomis Bros.*, 457 N.W.2d 614 (Iowa 1990) *with Chareas v. Township High School Dist.*, 195 Ill.App.3d 540, 142 Ill.Dec. 673, 553 N.E.2d 23 (1990). As explained in comment f to Section 343A:

> There are ... cases in which the possessor of land can and should anticipate that the dangerous condition will cause physical harm to the invitee notwithstanding its known or obvious danger. In such cases the possessor is not relieved of the duty of reasonable care which he owes to the invitee for his protection. * * * *
>
> Such reason to expect harm to the visitor from known or obvious dangers may arise, for example, where the possessor has reason to expect that the invitee's attention may be distracted, so that he will not discover what is obvious, or will forget what he has discovered, or fail to protect himself against it. Such reason may also arise where the possessor has reason to expect that the invitee will proceed to encounter the known or obvious danger because to a reasonable man in his position the advantages of doing so would outweigh the apparent risk. In such cases *the fact that the danger is known, or is obvious * * * is not * * * conclusive in determining the duty of the possessor,* or whether he has acted reasonably under the circumstances. [Emphasis added.]

Illustration 5 to Section 343A reads:

> A owns an office building, in which he rents an office for business purposes to

**292**

B. The only approach to the office is over a slippery waxed stairway, whose condition is visible and quite obvious. C, employed by B in the office, uses the stairway on her way to work, slips on it, and is injured. Her only alternative to taking the risk was to forgo her employment. A is subject to liability to C.

Thus, despite the obviousness of the danger, a jury could find that a possessor of land breached a duty to invitees if (1) the possessor could have reasonably foreseen that invitees exercising due care would be injured by the condition of the land and (2) that risk made it unreasonable for the possessor not to take certain precautions. Whether a particular precaution would be required depends on such factors as the expense of the precaution, the probability of harm, and the probable extent of harm. *See Ward v. K Mart Corp.*, 136 Ill.2d at 139–42, 143 Ill.Dec. at 291–92, 554 N.E.2d at 226–27.

We emphasize that the conduct of the specific invitee who is the plaintiff in the lawsuit does not affect the duty of the possessor of land. The scope of the duty is determined by reference to the foreseeable behavior of reasonably careful invitees, considered as a class. The negligence of the particular invitee is relevant only for purposes of reducing recovery under comparative negligence principles. *See Ward v. K Mart Corp.* In particular, when the possessor has breached a duty to the invitee, we do not treat "assumption of the risk"—the purposeful encounter of a known danger—as a complete bar to recovery; in that context "assumption of the risk" is merely a characterization of comparative negligence of the invitee. *See Thompson v. Ruidoso-Sunland, Inc.*, 105 N.M. 487, 734 P.2d 267 (Ct.App.1987).

We are not suggesting that the contractor necessarily violated a duty to Davis. We are not even holding that Davis put on prima facie proof of all the elements set forth in Sections 343 and 343A of the *Restatement* as necessary to establish a claim of negligence. The only issue before us with respect to the contractor's liability is whether Davis's knowledge of the risk necessarily bars recovery against the contractor. We hold that it does not.

Finally, Gabriel contends that an alternative ground will sustain the directed verdict. She points out that Davis failed to prove that a judgment against the contractor would have been collectable. We need not decide whether Davis needed to prove the collectability of a judgment against the contractor in order to succeed on his legal malpractice claim. The district court had prohibited Davis from introducing evidence of collectability, finding such evidence unnecessary. Because it had made that prior ruling, the district court rejected Gabriel's collectability argument as a ground for granting a directed verdict. We agree with the district court that in these circumstances it would be unfair to grant a directed verdict on that ground, even if Gabriel is correct that Davis had the burden of proving collectability.

Our reversal of the judgment makes it unnecessary to address Davis's other contentions. For the above reasons, we reverse the district court's judgment on a directed verdict and remand for a new trial.

IT IS SO ORDERED.

ALARID, C.J., and APODACA, J., concur.