879 P.2d 121

**Wayne GILLIN, Plaintiff–Appellant,**

v.

**CARROWS RESTAURANTS, INC.,
Defendant–Appellee.**

**No. 15067.**

Court of Appeals of New Mexico.

June 30, 1994.

Walter J. Melendres, Alex M. Gabaldon, Montgomery & Andrews, P.A., Santa Fe, for defendant-appellee.

*OPINION*

DONNELLY, Judge.

Plaintiff, Wayne Gillin, appeals from the trial court's order granting summary judgment in favor of Defendant, Carrows Restaurants, Inc. (Carrows), and dismissing his personal injury claim. In challenging the award of summary judgment, Plaintiff argues that the trial court erred in determining that Carrows had no duty to Plaintiff to safely maintain and illuminate the area of the parking lot where he allegedly fell. For the reasons discussed herein, we reverse.

*FACTS*

On August 11, 1992, Plaintiff filed a complaint for personal injuries against Carrows. Plaintiff alleged that after he exited Carrows at approximately 2:30 a.m., on August 10, 1989, he stepped off the sidewalk and was injured when he tripped and fell over a parking barrier in the parking lot adjacent to the restaurant. Plaintiff alleged that Carrows was negligent in failing to properly light the parking lot and in permitting the parking barriers to be placed in the parking area without proper marking. The trial court granted summary judgment based upon its determination that Plaintiff "tripped over a parking block in the common parking lot of the St. Michael's Village Shopping Center," and that Carrows owed no duty to Plaintiff.

Carrows' restaurant is located within the parking lot of the St. Michael's Village Shopping Center in Santa Fe. The restaurant building, and a portion of the parking area surrounding the structure, is leased to Carrows from "Coronado # 1" (the Landowner). Although part of the parking lot immediately adjacent to the restaurant building was included in the description of the premises leased by Carrows, customers of other businesses in the shopping center also were permitted to park there. Plaintiff's complaint did not join the Landowner as a named defendant.

Michael Schwarz, Santa Fe, for plaintiff-appellant.

*STANDARD OF REVIEW*

 Summary judgment is appropriate where the record reveals no triable issues of material fact and the movant is entitled to judgment as a matter of law. *Roth v. Thompson,* 113 N.M. 331, 334, 825 P.2d 1241, 1244 (1992); *Sarracino v. Martinez,* 117 N.M. 193, 194, 870 P.2d 155, 156 (Ct.App. 1994); *Trujillo v. Treat,* 107 N.M. 58, 59, 752 P.2d 250, 251 (Ct.App.1988). In reviewing an award of summary judgment, we engage in the same inquiry as the trial court, and consider the matters presented for and against such motion in a light most favorable to the nonmoving party. *Gardner–Zemke Co. v. State,* 109 N.M. 729, 732, 790 P.2d 1010, 1013 (1990); *see also Sarracino,* 117 N.M. at 194, 870 P.2d at 156. In reviewing an order awarding summary judgment, we take note of any evidence in the record which puts a material fact in issue. *Pharmaseal Lab., Inc. v. Goffe,* 90 N.M. 753, 758, 568 P.2d 589, 594 (1977). Summary judgment is foreclosed where the record discloses the existence of a substantial dispute concerning a material factual issue. *Id.* at 756, 568 P.2d at 592.

*DISCUSSION*

The trial court granted Carrows' motion for summary judgment based upon its determination that Carrows owed no duty to Plaintiff because it lacked control over the portion of the parking lot where the accident occurred. In reaching its conclusion, the trial court stated in its memorandum opinion that "the lease agreement between Carrows and the [Landowner] clearly places responsibility for the parking lot [with the Landowner]," and that Carrows' actions in maintaining the pertinent portion of the parking area were not sufficient to establish "the assumption of that responsibility by Carrows" toward Plaintiff.

 Because the trial court determined that there was an absence of any duty owing by Carrows toward Plaintiff to maintain or keep safe the area where Plaintiff was alleged to have fallen, our first inquiry focuses upon the correctness of this conclusion. Under New Mexico law an owner or occupant of a business "owes a business visitor the duty to use ordinary care to keep the premises safe for use by the business visitor [or invitee]." SCRA 1986, 13–1309 (Repl.1991); *see also Bober v. New Mexico State Fair,* 111 N.M. 644, 648, 808 P.2d 614, 618 (1991).

 Determination of whether a party owes a duty to another generally constitutes a question of law. *See Saiz v. Belen Sch. Dist.,* 113 N.M. 387, 398, 827 P.2d 102, 113 (1992); *Klopp v. Wackenhut Corp.,* 113 N.M. 153, 159, 824 P.2d 293, 299 (1992); *Sarracino,* 117 N.M. at 194, 870 P.2d at 156; *see also Lopez v. Ski Apache Resort,* 114 N.M. 202, 209, 836 P.2d 648, 655 (Ct.App.), *cert. denied,* 113 N.M. 815, 833 P.2d 1181 (1992). "The existence of a duty is a question of policy to be determined with reference to legal precedent, statutes, and other principles comprising the law." *Calkins v. Cox Estates,* 110 N.M. 59, 62, 792 P.2d 36, 39 (1990). An injured party's interests, a defendant's conduct, and an analysis of the relationship of the parties, are all factors to be considered in making the policy determination concerning whether a duty exists. *Id.* at 63, 792 P.2d at 40. Whether a duty has been violated, however, is a factual issue to be resolved by the fact finder. *Lopez,* 114 N.M. at 209, 836 P.2d at 655.

Plaintiff argues the trial court erred in finding that Carrows owed no duty to him to maintain the area of the parking lot where the accident occurred. Before addressing the merits of this contention, we first consider Carrows' threshold argument that this Court should decline to address this issue on appeal, because Plaintiff allegedly failed to properly preserve this issue for appellate review. Plaintiff challenges the trial court's determination that the lease absolved Carrows of any duty to safely maintain the area where his accident occurred and the trial court's conclusion that the lease imposed complete responsibility for maintaining or keeping safe the area in question upon the Landowner. Carrows argues that Plaintiff has conceded this point because he failed to properly raise this contention in his docketing statement or in the proceedings below. We disagree.

 In the section of the docketing statement in which Plaintiff states the points

sought to be asserted on appeal, Plaintiff lists the following: "Whether [Carrows] owed a duty to its customers to maintain the lighting surrounding its building, and to provide safe ingress and egress from its premises." We believe this language in the docketing statement adequately preserved the issue of whether the trial court correctly determined the question of the duty owed by Carrows to Plaintiff. Moreover, once an appeal has been placed on our general calendar, an appellant is not restricted to issues expressly set forth in the docketing statement. *State v. Salgado*, 112 N.M. 537, 538, 817 P.2d 730, 731 (Ct.App.1991).

■ Carrows also argues that Plaintiff failed to preserve the issue concerning Carrows' duty when he responded to Carrows' motion for summary judgment. Specifically, Carrows directs our attention to a statement which Plaintiff included in his response to the motion for summary judgment. Plaintiff stated that "[n]otwithstanding any provision in the lease, Carrows took it upon itself through practice, habit and custom and assumed responsibility for the maintenance of the parking lot which surrounds it." We do not interpret this language as constituting an abandonment of the argument regarding whether Carrows owed a duty under the lease to safely maintain the parking area adjacent to its restaurant. Instead, we think the statement merely asserts that regardless of whether a duty exists under the lease to maintain the area of the parking lot where he allegedly fell, Plaintiff contends that by its actions and activities in the area in question, Carrows also assumed a responsibility for safely maintaining the area.

Plaintiff's complaint alleged that Carrows permitted the parking barriers which he allegedly fell over to be placed "at a distance from [the] sidewalk without proper marking so as to warn pedestrians of their hazardous and dangerous placement." Carrows pled, as an affirmative defense to Plaintiff's negligence claim, that under the terms of the lease it had no duty to Plaintiff. The affirmative defense stated that "[p]ursuant to [its] lease, [Carrows] is not responsible for the parking area and has no duty to maintain

it, therefore, [Carrows] owed the [P]laintiff no duty."

■ The trial court's written decision granting the motion for summary judgment states that "the lease agreement between Carrows and the [Landowner] clearly places responsibility for the parking lot [with the Landowner]." After reviewing the record of the proceedings below, Plaintiff's response to the motion for summary judgment, and Plaintiff's docketing statement, we reject Carrows' claim that Plaintiff failed to preserve the issue of whether it owed a duty to maintain under the lease the area where Plaintiff allegedly fell. *See Pharmaseal Lab., Inc.*, 90 N.M. at 758, 568 P.2d at 594 (in reviewing an order awarding summary judgment, appellate court looks to whole record and takes note of any evidence therein which puts a material fact in issue). An issue is raised when there is some evidence in the record in dispute. *Id.* at 759, 568 P.2d at 595.

We turn next to an examination of whether Plaintiff presented sufficient facts to establish the existence of a duty on the part of Carrows. The lease between Carrows and the Landowner describes the premises demised to Carrows as follows: "[T]hose certain premises located on Saint Michaels Drive, *directly in between the two* front entrances to and within the ... [s]hopping center.... The premises are further described on plans ... marked Exhibit 'A' and by reference made a part hereof." The lease also provided for Landowner "to erect and complete a restaurant building facility on [the] premises," *together with* "*parking facilities.*" (Emphasis added.)

■ The lease agreement entered into between Carrows and the Landowner further provided:

31. *PARKING AREAS AND LANDSCAPING:* All common areas and other facilities in or about the shopping center provided by [Landowner] shall be subject to the exclusive control and management of [Landowner]. [Landowner] agrees to keep the shopping center parking area lighted, striped, reasonably clean from debris, ice and snow, available at all times as

a free parking lot for all customers of the shopping center during the term of this Lease. [Landowner] agrees that [Carrows'] patrons and customers shall be free to utilize such common areas. *[Carrows] agrees to keep the parking area within the leased premises lighted, striped, reasonably clean from debris, ice and snow, and available at all times as a free parking lot for all customers of [Carrows'] business; and [Carrows] also agrees that the parking area within the leased premises may be utilized by customers of the shopping center.* [Emphasis added.]

Under the terms of the lease, Carrows is responsible for lighting the parking area within the area designated as the leased premises. We think this provision of the lease makes this case distinguishable from the cases relied upon by Carrows. *See Woolwine v. Furr's, Inc.,* 106 N.M. 492, 495, 745 P.2d 717, 720 (Ct.App.1987) (jury could find both landlord and tenant to be comparatively negligent); *Torres v. Piggly Wiggly Shop Rite Foods, Inc.,* 93 N.M. 408, 411, 600 P.2d 1198, 1201 (Ct.App.) (lease did not require tenant to care for parking lot), *cert. denied,* 93 N.M. 683, 604 P.2d 821 (1979).

The record indicates that Carrows made the lease a part of the record by including a copy of the document as an exhibit to its memorandum in support of its motion for summary judgment. Both Plaintiff's complaint and Carrows' answer places the existence of a duty in issue. The diagram attached to the lease and designated as an exhibit thereto, also depicts the area of the parking lot where Plaintiff claims that he was injured as part of the "leased premises." (See Appendix to this opinion.) Plaintiff contends that he fell near the sidewalk by the northwest corner of the restaurant. Plaintiff's affidavit filed in response to the motion for summary judgment states that, when he left the restaurant, "[i]t was very dark . . . [and] [t]he outside was poorly lit." Dalia Esparza, the kitchen manager of Carrows, filed an affidavit which states that "[t]he lights on the Carrows building are to illuminate the building only, not the parking lot . . . [and] Carrows has never maintained the lights located in the parking lot adjacent to the . . . Restaurant." This same area is depicted in several photographs attached to the deposition of Esparza, offered in response to the motion for summary judgment.

We conclude that the record includes evidence that Carrows was required by the lease to maintain all of the *leased premises* and therefore there was a genuine issue of material fact foreclosing the trial court from ruling that Carrows did not owe a duty to Plaintiff to use reasonable care to keep the *leased premises* adequately lighted for Plaintiff and other business invitees. SCRA 13–1309; *see Davis v. Gabriel,* 111 N.M. 289, 291, 804 P.2d 1108, 1110 (Ct.App.1990); *see also Klopp,* 113 N.M. at 157, 824 P.2d at 297 ("[I]n a place of public accommodation, an occupier of the premises owes a duty to [exercise reasonable precautions to] safeguard each business visitor whom the occupier reasonably may foresee could be injured . . . .").

*CONCLUSION*

The order of the trial court granting summary judgment is reversed, and the case is remanded for further proceedings consistent with this opinion.

IT IS SO ORDERED.

FLORES, J., concurs.

HARTZ, J., specially concurs.

HARTZ, Judge (Specially Concurring).

For the reasons stated in Judge Donnelly's opinion, I agree that Carrows was not entitled to summary judgment. I write separately only because I cannot fully join in the majority's view regarding preservation in the district court of the argument that prevails on appeal.

Proceedings for summary judgment in the district court should not be a mere rehearsal for the real hearing that will later be conducted in an appellate court. If the party opposing summary judgment has a valid theory or pertinent evidence that would defeat summary judgment, that party should be required to alert the district court to the theory or evidence relied upon. *See Waldridge v. American Hoechst Corp.,* 24 F.3d 918 (7th Cir.1994).

In the present case I find nothing to indicate that Plaintiff alerted the district court to the theory that Carrows had a duty to Plaintiff arising from Paragraph 31 of the lease agreement between Carrows and the Landowner. On the contrary, Plaintiff contended that *notwithstanding any provision in the lease* Carrows had a duty to Plaintiff arising from Carrows' exercise of control over the premises.

Nevertheless, it is appropriate for us to review on appeal whether the lease imposed a duty on Carrows, because the district court specifically addressed the issue. As noted in the majority opinion, the district court wrote that "the lease agreement between Carrows and the [Landowner] clearly places responsibility for the parking lot [with the Landowner]." Thus, even though Carrows did not alert the district court to the issue, the district court considered it. The issue was thereby preserved for appeal.

APPENDIX

EXHIBIT "A"
Lease Agreement between CARROWS
RESTAURANTS, INC. and CORONADO

The restaurant site containing 165 ft.
of frontage on St. Michael's Drive
by depth of 195 ft., as outlined in
red above, will be developed pursuant
to final plans and specifications
prepared by Carrows Restaurants, Inc.
and approved by Coronado #1.

000078