43 F.3d 1483
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Cecilia M. SANCHEZ, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 94-2085.
 United States Court of Appeals, Tenth Circuit.
 Dec. 21, 1994.
 
 1
 Before BRORBY and EBEL, Circuit Judges, and SAM,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff Cecilia M. Sanchez appeals the district court's entry of summary judgment in defendant's favor on her personal injury claim brought pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. 1346, 2671-2680, after she exhausted her administrative remedies. We have jurisdiction under 28 U.S.C. 1291, and we affirm.
 
 
 4
 Plaintiff was injured when she fell over a section of rebar protruding from a parking barrier in a parking lot adjacent to the United States Post Office in Santa Fe, New Mexico. It is undisputed that defendant leased the building that housed the Post Office. Plaintiff claims defendant is liable for her injuries because the parking lot was part of the premises leased by defendant, or in the alternative, defendant owed her a duty to maintain the parking lot in a safe condition. Concluding defendant owed no legal duty to plaintiff, the district court granted defendant's motion for summary judgment.
 
 
 5
 We review the grant of summary judgment de novo, using the same standard as the district court under Fed.R.Civ.P. 56(c). Blue Circle Cement, Inc. v. Board of County Comm'rs, 27 F.3d 1499, 1503 (10th Cir.1994). Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). We examine the factual record and the inferences that reasonably can be drawn from the facts in the light most favorable to the party opposing summary judgment. Applied Genetics, Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir.1990). Our review of the district court's rulings based on the law of New Mexico is de novo. Salve Regina College v. Russell, 499 U.S. 225, 231 (1991).
 
 
 6
 In this case brought under the FTCA, the law of New Mexico governs. See 28 U.S.C. 1346(b); Aldrich Enters., Inc. v. United States, 938 F.2d 1134, 1138 (10th Cir.1991). Under New Mexico law, the existence of a legal duty is a question of law to be determined by the court. Sarracino v. Martinez, 870 P.2d 155, 156 (N.M. Ct.App.1994).
 
 
 7
 Plaintiff first argues that the parking lot was part of the leased property because it was an appurtenance or a common or joint use area. The leased premises are described as the building, a driveway, and a loading platform. Appellant's app. at 34-35. The parking lot is not included. We cannot expand the terms of the lease to include the parking lot. See CC Housing Corp. v. Ryder Truck Rental, Inc., 746 P.2d 1109, 1111 (N.M.1987)("court may not alter or fabricate a new agreement for the parties" absent ambiguity). We also find no duty to notify the owner of a dangerous condition on property defendant did not lease. Accordingly, plaintiff cannot prevail on her theory that defendant is liable pursuant to its lease of the premises.
 
 
 8
 In the alternative to her argument that the parking lot was included in the leased premises, plaintiff claims defendant had a duty to provide safe ingress and egress to the Post Office, and that by providing regular maintenance to the parking lot, defendant had assumed a duty to plaintiff. Under New Mexico law, a possessor of premises owes no duty "for hazards not on the premises or arising on or from the premises." Stetz v. Skaggs Drug Centers, Inc., 840 P.2d 612, 615-16 (N.M. Ct.App.1992). Therefore, defendant owed plaintiff no duty for a dangerous condition in the parking lot because the parking lot was not included in the premises leased by defendant, and the dangerous condition did not arise on or from the leased premises. Furthermore, in view of Stetz 's requirement that the existence of a duty be "entirely predictable," id. at 616, we cannot conclude that defendant's maintenance of the parking lot created a duty to ensure plaintiff's safety.
 
 
 9
 Plaintiff also asserts that defendant demonstrated its control over the parking lot by removing the exposed rebar after plaintiff's accident. Defendant's exercise of control over the parking slab does not abrogate our determination that defendant did not owe a duty for hazards beyond its leased premises. Moreover, evidence of subsequent remedial measures is inadmissible to prove negligence. Cumming v. Nielson's, Inc., 769 P.2d 732, 738 (N.M. Ct.App.1988).
 
 
 10
 The judgment of the United States District Court for the District of New Mexico is AFFIRMED.
 
 
 
 **
 Honorable David Sam, District Judge, United States District Court for the District of Utah, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470