This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**ULRIKE M. WEST,**

    Plaintiff-Appellant,

v.                           **NO. 32,037**

**NEW MEXICO TAXATION**
**& REVENUE DEPARTMENT**
**and PHILLIP SALAZAR,**

    Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Manuel I. Arrieta, District Judge**

Law Offices of Paul M. Gayle-Smith
Paul M. Gayle-Smith
Las Cruces, NM

for Appellant

Miller Stratvert, P.A.
Paula G. Maynes
Luke A. Salganek
Santa Fe, NM

for Appellees

# MEMORANDUM OPINION

**KENNEDY, Chief Judge.**

**{1}** Plaintiff Ulrike West, a tax auditor, sued the New Mexico Taxation and Revenue Department and Phillip Salazar, the Director of the Audit & Compliance Division (collectively, Defendants) for violations of the New Mexico Human Rights Act (NMHRA) and the United States Constitution. West alleged that she suffered harassment or retaliatory action from her employer, New Mexico Taxation and Revenue Department (Department), due to her needs for accommodation for a medical condition. The case was removed to federal district court where Defendants won summary judgment and was then remanded to a state district court for action on remaining state claims. The state district court granted Defendants' motion for summary judgment and dismissed the case. West appealed, claiming that the state court erroneously relied on the federal decision and that she had properly disputed some of the facts, among a myriad of other issues. We determine that the state district court did not err in granting summary judgment and affirm.

## I.    BACKGROUND

**{2}** West worked as a field auditor for the Department. After she was hired, she was diagnosed with Relapsing Remitting Multiple Sclerosis. The Department made her an audit reviewer, which required less travel. West had to travel from Las Cruces to Albuquerque a few times a year for meetings. Her supervisor permitted her to drive

her own vehicle on these trips until 2007. At that time, the Department changed its policy to prohibit reimbursement for mileage driven in private vehicles. In October 2007, West requested the accommodation of driving her personal, ergonomically-appropriate vehicle for work. In October 2007, Defendants sent a form to West's physician requesting an Americans with Disabilities Act (ADA) physician's statement. In late January 2008, they received a statement in response. The form, filled out by West's treating physician, stated that with or without a reasonable accommodation, she was unable to travel long distances, as well as stating in response to another question that she was able to travel long distances if given an accommodation. The parties contest whether this document was facially "contradictory" in describing West's needed accommodations. Defendants requested clarification from the physician when they did not receive a response from West. Six months later, Defendants received clarification. Defendants later determined that the travel requirements did not apply to West, as she was in a senior position, and her requests to drive her own vehicle would be approved on a case-by-case basis. Throughout the process of requesting clarification, West was never required to travel for work and therefore was never denied her requested accommodation. West's ability to drive her own car on the case-by-case basis was never tested or questioned.

**{3}** West filed three complaints with the Equal Employment Opportunity Commission (EEOC). The first was in December 2007, which was settled. One day after Defendants received clarification from West's physician in April 2008, she filed her second EEOC complaint, alleging that the request for clarification constituted harassment and retaliation for her 2007 complaint. West informed the Department in June 2008 that her physician said that she could only work five hours a day. Defendants interpreted this as a request to convert her full-time employment into part-time employment. The Department denied the request, stating that such a change would not allow her to perform the essential functions of a full-time job, but in fact accommodated her by granting that she could have a temporary part-time schedule that would be reviewed after three months. In October 2008, West was informed by her physician that her multiple sclerosis had progressed to the point where it precluded employment entirely, and she left the Department. In September 2009, West was administratively "separated without prejudice" from her employment by the Department under 1.7.10.13(B)(1) NMAC, which she did not appeal.

**{4}** In April 2009, West sued Defendants in the state district court under the ADA and for various civil rights violations. The case was removed to federal district court. The federal district court granted summary judgment in favor of Defendants, dismissing the federal claims and remanding the remaining state law claims.

4

**{5}** In May 2010, West submitted a third EEOC charge of discrimination, alleging wrongful discharge and claiming that the real reason she could not work was hostility and delays in response to her requests. After the federal district court's decision, in December 2010, West amended the charge of discrimination to include denial of reasonable accommodations and various allegations of delays, wrongful termination based on her disability and requests for accommodation, and a claim that she was forced to leave solely due to the stress caused by the delays and denials.

**{6}** Defendants moved for summary judgment on the sole basis of collateral estoppel, claiming that all the issues had already been fully litigated in federal district court. The state court granted summary judgment in favor of Defendants, determining that West had not properly exhausted all her claims and there were no disputed issues of fact that warranted a trial on the merits, although stating nothing as to collateral estoppel. West appealed, claiming that the state district court erroneously relied on the federal district court's decision and that she had raised issues of disputed fact. We disagree for the reasons that follow.

**II.    DISCUSSION**

**{7}** "Summary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." *Self v. United Parcel Serv., Inc.*, 1998-NMSC-046, ¶ 6, 126 N.M. 396, 970 P.2d 582. "We review these legal questions de novo." *Id.* "On appeal from the grant of summary judgment,

5

we ordinarily review the whole record in the light most favorable to the party opposing summary judgment to determine if there is any evidence that places a genuine issue of material fact in dispute." *City of Albuquerque v. BPLW Architects & Eng'rs, Inc.*, 2009-NMCA-081, ¶ 7, 146 N.M. 717, 213 P.3d 1146. "However, if no material issues of fact are in dispute and an appeal presents only a question of law, we apply de novo review and are not required to view the appeal in the light most favorable to the party opposing summary judgment." *Id.* A party opposing summary judgment may not simply argue that evidentiary facts requiring a trial on the merits may exist, "nor may [a party] rest upon the allegations of the complaint." *Dow v. Chilili Coop. Ass'n*, 1986-NMSC-084, ¶ 13, 105 N.M. 52, 728 P.2d 462. We review West's numerous arguments in turn.

**A.     The State District Court Did Not Erroneously Adopt the Federal District Court's Findings**

{8}     West's first argument is that the state district court erroneously relied on the federal district court's findings in its order for summary judgment, citing authority that merely states the differing standards for summary judgment in state versus federal courts. She points us to one part of the state's order for summary judgment where it references the federal order. Her argument is unpersuasive and ignores the fact that the state district court independently evaluated the case.

{9}     In the finding that West focuses on, the state district court stated that a form from West's physician that described her required accommodations was "facially contradictory." The federal district court had concluded the same. The form in question, which stated both that she could travel long distances with accommodation and she could not travel long distances, was presented to the state court as an attachment to the motion for summary judgment. In their motion for summary judgment, Defendants describe the form as "facially contradictory." West does not describe how finding the document contradictory undermines her case. We agree that it is contradictory and see no need to rely on the federal district court to come to that conclusion. It is entirely reasonable for the state district court to have independently come to the same conclusion as well based on the same evidence. Whether or not the document was contradictory is secondary to its effect on the determination of whether accommodation of West's condition was  possible. The effect supports the state district court's conclusion that West suffered no consequences from a delay her physician caused. West supplies us with nothing else to suggest that the state district court failed to make its own rulings.

**B.     The State District Court Did Not Make Findings Regarding Disputed Facts**

{10}     We have stated that a state district court is not required to make findings of fact in an order for summary judgment. *Durham v. Sw. Developers Joint Venture*, 2000-NMCA-010, ¶ 45, 128 N.M. 648, 996 P.2d 911 ("In ruling upon a motion for

7

summary judgment, it is not necessary for the court to adopt findings of fact and conclusions of law because the basic premise underlying an award of summary judgment is the absence of any genuine issue of material fact."). However, in this case, although the state district court confusingly referred to part of its decision as "Findings of Fact," West fails to identify any of these findings as disputed. Thus, no error resulted.

{11}     West argues specifically that the finding that she had not suffered any damages from the alleged delay in accommodating any hypothetical need to travel was unsupported by anything in Defendants' motion for summary judgment. The state district court stated in its order that no harm from the delay occurred because the request was for travel accommodations, and no travel was required of West during the time that she waited for approval. No party disputes the fact that West was not required to travel during this time. Although West claims that she "provided substantial evidence" to show that she had suffered medical harm from Defendants' delays, she cites to no part of the record containing such support. Where a party fails to cite any portion of the record to support its factual allegations, the Court need not consider its argument on appeal. *See Santa Fe Exploration Co. v. Oil Conservation Comm'n*, 1992-NMSC-044, ¶ 11, 114 N.M. 103, 835 P.2d 819. To the extent that she refers to the record at all, it is to Defendants' proposed findings of fact, which contain nothing that refers to any harm, medical or otherwise, West may have experienced.

8

**C.    The State District Court Did Not Fail to Make All Reasonable Inferences in Favor of West**

{12}    West next claims that the state district court erred by failing to make "reasonable inferences" in her favor, as she was the party opposing Defendant's motion for summary judgment. "When reviewing a grant of summary judgment, we view the evidence in the light most favorable to support the right to a trial on the merits, and we make all reasonable inferences in favor of the party opposing the summary judgment." *Sarracino v. Martinez*, 1994-NMCA-013, ¶ 4, 117 N.M. 193, 870 P.2d 155. "On appeal from the grant of summary judgment, we ordinarily review the whole record in the light most favorable to the party opposing summary judgment to determine if there is any evidence that places a genuine issue of material fact in dispute." *BPLW Architects*, 2009-NMCA-081, ¶ 7.

{13}    West points to a few of the state district court's statements in the order for summary judgment—the conclusion that her physician's statement was "facially contradictory" and the travel requirements of her job. Although she claims that she submitted documents that disputed both conclusions, she fails to point us to their location in the record. Again, where a party fails to cite any portion of the record to support its factual allegations, the court need not consider its argument on appeal. *Santa Fe Exploration*, 1992-NMSC-044 , ¶ 11. West also claims that the state court made erroneous legal rulings by refusing to consider a later explanation of her request.

9

The state district court is only required to make factual inferences in her favor. In the absence of contrary or disputed facts, she also fails to cite any authority that contradicts the court's legal conclusion. When facts are undisputed, requesting a contrary inference without legal authority is not possible. The state district court found that Defendants had not failed to accommodate West, and she had not exhausted her remedies for her later EEOC claims. We find nothing in the record to contradict that conclusion from the undisputed facts of the case.

**D.      West Failed to Exhaust All Her Remedies**

{14}      Two sets of EEOC claims are at issue. The first is from 2008, and the second from 2010. West claims that she properly exhausted her claims for failure to accommodate and hostile work environment when she filed them in the 2008 charge. Defendants argue that they were not exhausted because the 2008 charge was actually for disability discrimination and retaliation and, therefore, any hostile work environment claim and failure to accommodate claim was not properly raised to the EEOC. The state district court determined that the 2008 EEOC complaint failed to demonstrate that the request for clarifying information from the physician was an adverse employment action. West fails to otherwise raise any issue of fact that she suffered an adverse employment action as a result of the request for clarification.

{15}      The state district court determined that West's 2010 charges—both the original and the amended—were untimely and did not exhaust the administrative process. It

10

also determined that those claims, based on failure to accommodate, failed to establish adverse action because her requests were not denied. The conduct complained of in an EEOC complaint "shall be filed with the division within three hundred days after the alleged act was committed." NMSA 1978, § 28-1-10(A) (2005). Although West claims that the May 2010 charge was undisputedly timely filed, she points us to no evidence that disputes the state district court's conclusion that the May 2010 charge was predicated on actions in 2007 and 2008. Because that places the claim and its amendment outside of the three-hundred-day limit required by statute, we conclude that the state district court did not err in finding that West failed to exhaust those claims through administrative procedures.

**E.     The State District Court Did Not Err in Concluding that West Failed to Present Evidence of Hostile Work Environment**

{16}     Under federal law and the NMHRA, a hostile work environment results "when the offensive conduct becomes so severe and pervasive that it alters the conditions of employment in such a manner that the workplace is transformed into a hostile and abusive environment for the employee." *Ocana v. Am. Furniture Co.*, 2004-NMSC-018, ¶ 24, 135 N.M. 539, 91 P.3d 58. We look at the totality of the circumstances, which include "frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Id.* (internal

11

quotation marks and citation omitted). The offensiveness must be both objective and subjective. *Id.*

{17}     Although West claims that she presented genuine factual disputes regarding her claims for failure to accommodate and hostile work environment, she again fails to expand on what facts were disputed, or how they address the elements required to constitute a hostile work environment claim. She states that she presented evidence that previously she could obtain accommodations more easily before a policy change at the Department. However, she presents no evidence that the policy change did not neutrally apply to all employees. *Gonzales v. N.M. Dep't of Health*, 2000-NMSC-029, ¶ 30, 129 N.M. 586, 11 P.3d 550 ("A plaintiff may establish a prima facie case of disparate impact discrimination by showing that a specific identifiable employment practice or policy caused a significant disparate impact on a protected group." (internal quotation marks and citation omitted)). In fact, West's only citations are to an attachment to her response to the motion for summary judgment, which is in fact an excerpt from Defendants' response to interrogatories and expresses conclusions identical to the ones made by the state district court. West thus fails to produce any evidence of disputed material facts; moreover, her citation is to undisputed facts found by the state district court.

**F.     The State District Court Did Not Err by Refusing to Find that West Was Wrongfully Terminated**

**{18}** West argues that she was wrongly terminated from her job. She claims that, under a section of the New Mexico Administrative Code, the Department should have made all efforts to accommodate her, and she claims that her offered testimony disputed whether they made such efforts. 1.7.10.13(A) NMAC. First, we note that the regulation she relies on deals with worker's compensation and is not associated with a general claim for wrongful termination. West brought a claim for wrongful termination. In her briefing, she argues that she was wrongfully discharged as prohibited under the NMHRA. Under the NMHRA, "[i]t is an unlawful discriminatory practice for . . . an employer . . . to discharge . . . any person otherwise qualified because of . . . physical or mental handicap or serious medical condition[.]" NMSA 1978, § 28-1-7(A) (2004). For the independent tort of wrongful discharge for failure to accommodate, the plaintiff must show:

(1) [T]he defendant knew of . . . the plaintiff's serious medical condition [or] physical or mental handicap;
(2) [T]he plaintiff requested an accommodation;
(3) A reasonable accommodation existed that would have allowed . . . the plaintiff to perform the essential functions of the job [and];
(4) [T]he defendant failed to provide a reasonable accommodation.

UJI 13-2307D NMRA (emphasis and use note omitted). West cites to her own affidavit detailing her request for accommodation. She does not dispute the state

district court's finding that she "voluntarily left" her employment, or the finding that the Department reasonably accommodated her. Thus, her argument necessarily fails.

**G.      Defendants Did Not Violate New Mexico Public Policy**

{19}      West next argues that her termination violated New Mexico public policy. Yet again, she claims that she has shown sufficient facts to link her complaints with adverse employment action. Although a violation of public policy may support a claim for retaliatory discharge, West fails to show what facts support her claim of a public policy basis for her claim. *Gandy v. Wal-Mart Stores, Inc.*, 1994-NMSC-040, ¶ 10, 117 N.M. 441, 872 P.2d 859.

**H.      The State District Court Did Not Err in Refusing to Conclude That West Suffered an Adverse Employment Decision in Retaliation for Protected Speech**

{20}      West claims that she was terminated based on statements she made regarding possible discrimination against her based on her disability and her complaints about delays in responding to her requests for accommodation and, therefore, her First Amendment rights were violated. Apart from claiming that her previous requests were accommodated more quickly, West does not support her argument that the delays were related to her previous requests. To the extent that she claims "it would have been clear to everyone involved" that she needed accommodation in order to perform her job, she does not address the fact that she was in fact accommodated, or how this argument relates to her claim of retaliation for speech regarding possible

14

discrimination. In addition, the state district court concluded that she did not face adverse action because her requests were granted, and she suffered no harm for any delay. West does not dispute these findings.

{21} West cites several federal decisions that describe how the speech of a public employee may be protected by the First Amendment. *See Chavez-Rodriguez v. City of Santa Fe*, 596 F.3d 708, 713 (10th Cir. 2010) ("If an employee speaks as a citizen rather than pursuant to his official duties, the court must determine whether the subject of the speech is a matter of public concern." (internal quotation marks and citation omitted)). However, under the federal test that she cites, West fails to carry her causal burden of showing that her "speech was a substantial factor or a motivating factor in a detrimental employment decision." *Id.* at 713 (internal quotation marks and citations omitted). Regardless of whether it was clear that West required accommodation because she fails to dispute the state district court's finding that she suffered no adverse action that could constitute the basis of her claim, we conclude that the state district court did not err in granting summary judgment on her First Amendment claim.

**I.     West Failed to Exhaust Her Remedies Regarding Salazar**

{22} The state district court found that because Salazar was not listed on the 2008 or 2010 EEOC complaints, West failed to exhaust her administrative remedy as to him. West maintains on appeal that she was not required to exhaust her claims

15

regarding Salazar because her First Amendment claims did not require a prior charge of discrimination. However, her First Amendment claims fail as discussed above. Therefore, we conclude that she did not exhaust her administrative claims with regards to him, and the state district court did not err in finding such failure to exhaust.

**J.      We Do Not Need to Consider the Issue of Collateral Estoppel**

{23}      Defendants argue that West's claims are barred by collateral estoppel. In their motion for summary judgment, Defendants argued that West was collaterally estopped from relitigating some of her claims because the issues were fully litigated in federal district court. However, the state district court's order for summary judgment addressed the merits of the parties' arguments, not collateral estoppel, and Defendants prevailed. Because we affirm the grant of summary judgment on the merits, we need not address collateral estoppel.

**K.      West Was Not Permitted to Introduce Evidence of a Prior Settlement Agreement**

{24}      West argues that parts of a previous settlement agreement should have been admissible. However, she once again fails to cite to any relevant facts in the record, instead citing to her response to Defendants' motion for summary judgment. Citing conclusory statements in her own argument does not meet her burden to dispute issues of fact that would preclude summary judgment. In the absence of any legal authority or factual support, we consider this argument no further.

16

## III. CONCLUSION

{25}    We affirm the state district court's grant of summary judgment.

{26}    **IT IS SO ORDERED.**

_____
**RODERICK T. KENNEDY, Chief Judge**

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**

_____

**MICHAEL E. VIGIL, Judge**